IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:12-cr-235-ECM |
| | ) | (WO) |
| TRISTAN TRAVIS RAWLS | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's *pro se* motion for early termination of probation (doc. 751) which the Court construes as a motion for early termination of supervised release.

On August 13, 2013, the Defendant entered a guilty plea to one count of conspiracy to distribute controlled substances and one count of using a communication facility to facilitate a drug offense. (Doc. 430). On December 17, 2013, the Court sentenced the Defendant to 120 months imprisonment and five years of supervised release. (*Id*. at 3).

On September 17, 2021, the Defendant began his term of supervised release. In his motion for early termination of his supervised release, the Defendant asserts that he wants to seek "a better life" for his family "outside the state of Alabama." (Doc. 751 at 1). Both the United States and Probation oppose the Defendant's motion. (Doc. 754).

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release after completion of one year thereof, if the Court determines that early termination is warranted by the Defendant's conduct and is in the interest of justice. *See United States v. Johnson*, 877 F.3d 993, 996 (11th Cir. 2017); *United States v. Tinker*, 14 F.4th 1234, 1240 (11th Cir. 2021). In making this determination, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). (*Id*.). These sentencing factors include the nature

and circumstances of the offense, the history and characteristics of the Defendant, and the need to protect the public from further crimes of the Defendant. *See* 18 U.S.C. § 3583(e)(1) and § 3553(a); *Johnson*, 877 F.3d at 996, n.7.

The Court concludes that early termination is not in the public's interest. While the Court appreciates that the Defendant has complied with the conditions imposed on him by this Court, the Court finds that the Defendant's compliance is not an adequate, independent basis for early termination of supervised release. The Defendant has a lengthy criminal history. At the time of sentencing, he was a career offender with a criminal history category of VI. While the Defendant appears compliant with his conditions of release, he has done so while under supervision. Continued supervision is necessary to deter the Defendant from illegal activity and to protect the public.[1] Consequently, based on the nature and circumstances of the Defendant, his offenses, coupled with the need to protect the public, the interests of justice dictate that the Defendant remain under supervision.

## CONCLUSION

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the Defendant's motion for early termination of supervised release (doc. 751) is DENIED.

Done this the 16th day of August, 2023.

    /s/Emily C. Marks  
EMILY C. MARKS  
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Although the Defendant asserts that he wishes to leave Alabama to provide a better life for his family, he does not provide the Court with any information for employment or housing which would be essential to ensuring that he does not revert to criminal activity.